### 34907. STANLEY v. WHITFIELD LIFE INSURANCE COMPANY.

CARLISLE, J. 1. Where, in an action on a policy of life insurance, brought by the beneficiary named therein to recover the face amount of the policy following the death of the insured, it appears from the allegations of the petition as amended, and from the provisions of the policy, which is attached as an exhibit thereto, that the defendant insurer, in consideration for the payment of the first monthly premium of $1.50 on or before the date of the policy, September 15, 1949, which amount was paid, issued and delivered the policy sued on to the insured; and that the policy provided for "a like monthly premium to be paid on or before the first day of each and every month thereafter," and allowed the insured a period of one month's grace for the payment of premiums; and where it is alleged that the insured attempted to pay the second monthly premium in October by tendering the insurer's agent a check from a third person, which the agent was unable to cash, and the agent instructed the insured "to let the matter ride" until he, the agent, returned the following month; that the insured died on November 5, 1949; that the insurer had due notice of the death of the insured; and that on August 23, 1950, the plaintiff furnished the insurer with notice and proof of the death of the insured and "otherwise performed all the conditions imposed upon her by said policy"; and it does not appear from the copy of the policy attached to the petition that it contained any provision limiting the time within which notice and proof of death should be furnished the insurer, or any provision limiting the time within which suit must be brought on the policy— the petition, filed May 13, 1953, alleging the defendant's refusal to pay the face amount of the policy, stated a cause of action as against a general demurrer, and the trial court erred in sustaining such demurrer and in dismissing the petition.

2. As the copy of the policy attached to the petition contained no provision limiting the time within which suit must be brought on the contract of insurance, the suit was maintainable at any time within six years from the date of the insured's death on November 5, 1949. Code § 3-705.

3. There being nothing in the copy of the policy to indicate an intention to the contrary, the provision that, "in consideration of the payment on or before the date hereof [September 15, 1949] of the premium stated in schedule below [$1.50], and a like monthly premium to be

paid on or before the first day of each and every month thereafter until premiums have been paid to the first anniversary date of this policy after the insured attains the age of seventy-five years, or until the prior death of the insured," will be construed, against the insurer, to mean that the premium referred to was payable on the first day of the "contract month" and not the first day of the "calendar month," and the second "like monthly premium" was due on or before October 15, 1949; and, therefore, when the period of one month's grace, provided in the policy, was added, the policy could not be invalidated for the insured's failure to pay the second premium until November 15, 1949; and, whether or not the insured's tender of the check to the insurer's agent in the case constituted payment or waiver of payment, the policy was in full force and effect on the date of the insured's death.

*Judgment reversed. Gardner, P. J., and Townsend, J., concur.*

DECIDED NOVEMBER 13, 1953.

*Harbin M. King, Chance & Pope,* for plaintiff in error.
*Adams & McDonald,* contra.